IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAWN MASON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2139 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent.* | § | |

**ORDER OF DISMISSAL**

Petitioner, a state inmate proceeding *pro se*, files this section 2254 habeas petition challenging his 2002 conviction for indecency with a child. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for the reasons that follow.

*Background and Claims*

The petition and public state court records reveal that petitioner was convicted of indecency with a child on April 12, 2002, and sentenced to twenty years incarceration. The conviction was affirmed on August 7, 2003, with discretionary review refused on June 30, 2004. Petitioner's conviction became final, for purposes of the federal limitation, ninety days later, on or about September 30, 2004, and limitations expired one year later on or about September 30, 2005. Petitioner filed an application for state habeas relief on September 25, 2005, five days before limitations expired. The Texas Court of Criminal Appeals denied the

application on June 7, 2006, and limitations expired five days later, on or about June 12, 2006.  Petitioner took no further action until the filing of a second application for state habeas relief on November 5, 2009, which the Texas Court of Criminal Appeals dismissed as an abuse of the writ on December 9, 2009.  Petitioner filed this federal petition no earlier than June 8, 2010.

    Petitioner raises the following habeas claims in the instant petition:

(1)    insufficient evidence;

(2)    the trial judge abused his discretion in his communications with the jury;

(3)    his double jeopardy protections were violated when he was found guilty of both the greater and lesser included offenses;

(4)    trial counsel was ineffective in

    (a)    failing to investigate petitioner's mental health status;

    (b)    failing to object to a fifteen-minute limit for closing arguments;

    (c)    failing to investigate and prepare for trial or object to evidence;

(5)    appellate counsel was ineffective in

    (a)    failing to challenge the sufficiency of the evidence;

    (b)    failing to raise a double jeopardy claim;

    (c)    failing to challenge trial counsel's failure to use exculpatory evidence;

(6)    the state appellate court erred in

    (a)    refusing to hold an evidentiary hearing; and

    (b)    affirming the conviction.

*Analysis*

As petitioner was convicted after April 24, 1996, this pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

As stated above, petitioner's conviction became final for purposes of the AEDPA limitation on or about September 30, 2004, and limitations expired one year later, on or about September 30, 2005. Petitioner filed his state habeas application five days before limitations expired, such that his federal petition was due five days after the Texas Court of Criminal Appeal denied habeas relief on June 7, 2006. Consequently, petitioner's federal petition was due no later than June 12, 2006. His second application for state habeas relief, filed on November 5, 2009, was filed *after* expiration of limitations and afforded petitioner no tolling effect. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application filed after expiration of federal limitations has no tolling effect). The factual basis for petitioner's pending habeas claims occurred at the time of each incident, and could have been discovered through the exercise of due diligence at that time. Accordingly, the instant petition, filed no earlier than June 8, 2010, is untimely by nearly four years and must be dismissed in absence of other applicable statutory or equitable tolling provisions.

Petitioner is aware that his claims are subject to dismissal as barred by limitations, and asks the Court not to dismiss his case because he is actually innocent:

> The Petitioner does expect the Respondent to argue that the Petitioner is time-barred from presenting his claims before this Honorable Court. However, the Petitioner has presented factual showings of innocence issues that, under *Shlup*, supra, do entitle him to a hearing by this Court on his habeas claims.

(Docket Entry No. 2, p. 13.) He further states that:

> The Petitioner would first argue that under 28 U.S.C. § 2244(d)(1) it would appear that the Petitioner is time-barred under the law. However, the Petitioner would come before this Honorable Court and would show that under *Carrier v. Murray*, 106 S. Ct. 2639 (1986) and *Kuhlmann v. Wilson*, 106 S. Ct. 2627 (1986), a prisoner is entitled to habeas relief if his interest in freedom from unconstitutional incarceration outweighs the State's interests in the administration of its criminal law.

*Id*., p. 17. It is petitioner's position that he is entitled to habeas relief, notwithstanding expiration of limitations, because he is actually innocent of the criminal offenses. *Id*., pp. 17-20. However, the Fifth Circuit Court of Appeals has not recognized actual innocence as an exception to, or a provision for tolling, the AEDPA one-year limitation. *See Prince v. Thaler*, 354 F. App'x 846, 847 (5th Cir. 2009) (unpublished). Even assuming such recognition, petitioner supports his argument with nothing more than his disagreement with the jury's verdict based on the evidence presented at trial, or asserts innocence in light of purported errors that occurred at trial or during appeal. Nor does he establish any professed "mental impairment" that resulted in his actual innocence. Petitioner's garden-variety claims of actual innocence do not present "rare and extraordinary circumstances" for which this Court may consider any equitable tolling of the statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

In arguing that a claim of actual innocence trumps the AEDPA limitation, petitioner presents no basis for statutory or equitable tolling. He has not shown that he was subject to state action that impeded him from filing the instant petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly-recognized constitutional

right upon which the petition is based, nor is there a factual predicate for any claim that could not have been discovered previously if petitioner had acted with due diligence. *See* 28 U.S.C. §§ 2244(d)(1)(C), (D). Nor does petitioner show that he was prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513-514 (5th Cir. 1999). Accordingly, there is no statutory or equitable basis to save petitioner's untimely federal petition.

*Conclusion*

This case is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on June 22, 2010.

_____
Gray H. Miller
United States District Judge